UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GASPER PALUSHAJ,

               Petitioner,

v.

ANGELA DUNBAR et al.,

               Respondents.

_____/

Case No. 1:26-cv-675

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.5.)

In an order entered on March 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 6.) Respondents filed their response on March 5, 2026, (ECF No. 7). Petitioner filed his reply on March 6, 2026. (Reply, ECF No. 8.)

## II.      Relevant Factual Background

Petitioner is a native and citizen of Kosovo. (Pet., ECF No. 1, PageID.2.) Petitioner entered the United States on or about May 5, 2000. (*Id.*, PageID.3.) He has lived in the United States with his wife and children for approximately 25 years. (*Id.*, PageID.3–4.)

On October 6, 2000, the U.S. Department of Justice, Immigration and Naturalization Service (INA) served a Form I-862 or Notice to Appear (NTA) on Petitioner. (2000 NTA, ECF. No. 7-1, PageID.45.) INA charged Petitioner with removability as an immigrant who was not in possession of a valid entry document. (*Id.*) On January 22, 2002, an immigration judge in Detroit Michigan ordered Petitioner removed to Yugoslavia. (Order of Immigration Judge, ECF No. 7-2, PageID.48–68.) The Board of Immigration Appeals (BIA) denied Petitioner's appeal and the order of removal became final as of June 26, 2003. (ECF No. 7-3, PageID.71.)

On or about January 20, 2004, Petitioner was released on an order of supervision because immigration officials were not able to effectuate Petitioner's removal to Kosovo. (Response, ECF No. 7, PageID.40, ECF No. 7-4, PageID.73.)

On January 19, 2026, the United States Immigration and Customs Enforcement (ICE) served Petitioner with a Form 71-091, Notice of Revocation of Release, advising Petitioner that his release was revoked pursuant to 8 C.F.R. § 241.13(i). (ICE Form 71-091, ECF No. 7-4, PageID.73–74.) ICE contends that they have the means to deport Petitioner to Kosovo. (*Id.*) On February 18, 2026, ICE obtained a Warrant of Removal/Deportation for Petitioner. (2026 Form I- 205, ECF No. 7-4, PageID.75–76.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Given that Petitioner has a final order of deportation, which orders his removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. Petitioner, however, contends that his detention is unlawful. (Pet., ECF No. 1, PageID.6–7.) In response, Respondents argue that Petitioner's continued "detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001)." (Response, ECF No. 5, PageID.19–20.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on June 26, 2003. (ECF No. 7-3, PageID.71.) The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

3

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

"Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove'

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Here, Petitioner was taken into custody by ICE on February 18, 2026. (Pet., ECF No. 1, PageID.3.) Respondents argue that at the time that Petitioner filed his § 2241 petition on February 27, 2026, he had not been detained for six months. Respondents contend that a petitioner must have been in ICE custody for six months on the date the petition is filed, citing to *Zadvydas*, 533 U.S. at 700-01; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming dismissal where petitioner had only been detained four months and stating that "in order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months"); *Kalasho v. U.S. Dep't of Homeland Sec.*, No. 1:06-CV-556, 2007 WL 431023, at *4 (W.D. Mich. Feb. 5, 2007) ("[T]he court concludes that the six month presumption of reasonableness . . . should apply to petitioner's current detention, which resulted from his violation of the order of supervision."); *Olajide v. Wrona*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes.").

Petitioner initiated this action on February 27, 2026. Given that Petitioner's current detention has not reached six months in length, his request for relief is not yet ripe for judicial review. *Olajide*, No. 03-10204-BC, 2004 WL 63967, at *2 (E.D. Mich. Jan. 8, 2004) ("[T]he petitioner is not entitled to judicial review of his detention until the six-month period passes."). The record also reflects that ICE is actively seeking travel documents to effectuate Petitioner's removal to Kosovo. (Response, ECF No. 7, PageID.41, 2026 Form I-205, ECF No. 7-4, PageID.75–76.)

**V.      Other Claims and Other Forms of Relief**

Because Petitioner's § 2241 petition is not ripe, the Court does not address the other claims and other requested relief in Petitioner's § 2241 petition or in Respondents' Response. The Court notes, however, that Petitioner also sought a temporary restraining order and preliminary injunctive relief, requesting that the Court enjoin Respondents from taking certain actions during the pendency of this case. (ECF Nos. 1, 2, 9.) The Court's dismissal of this action as premature resolves the case. Therefore, Petitioner's request for the Court to enjoin Respondents from taking certain actions during the pendency of the action is moot. Moreover, Petitioner is advised that the Court has considered all of Petitioner's submissions, including his proposed supplemental petition and complaint.

### Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, as premature. (ECF No. 1.)

Dated:      April 9, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge